IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO.: 3:15cr254-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CONSENT ORDER AND |
| v. ) | JUDGMENT OF FORFEITURE |
| ) | PENDING RULE 32.2(c)(2) |
| TROY BARNES ) | |

BASED UPON the Defendant's plea of guilty, the Factual Basis, and the record, and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853 and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

- **Approximately $1,770,463.93 in funds seized from Citizens Bank Account XXXXXXXXXXX1245, such account in the name of Work with Troy Barnes, Inc. and used to receive funds during the course of the offense;**
- **Approximately $751,005.89 in funds seized from TD Bank Account XXX-XXX8105, such account in the name of Binary Wallet and used to receive funds during the course of the offense;**
- **Approximately $25 in possession of 1st Bank as a result of the restraint of accounts held by or for the benefit of Achieve International, LLC and Work With Troy Barnes, Inc.;**
- **Approximately $10,241.59 in possession of Paypal as a result of the restraint of an account in the name of troysbcteam@gmail.com;**
- **Approximately $240.88 in possession of NetSpend as a result of restraint of Troy Barnes Account 5307355434; and**
- **A forfeiture money judgment in the amount of $3,427,937, such amount constituting the proceeds of offenses set forth in the Bill of Information. However, the outstanding money judgment amount shall be reduced by the sum of any amount of specific assets later deemed finally forfeited in this action and any amount of specific assets dismissed from this order and paid directly to victims as identified herein.**

2. The United States Secret Service ("USSS"), Treasury Executive Office of Asset Forfeiture ("TEOAF"), and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s), pending release of the specific assets from restraint in *SEC v. Johnson*.

3.      The United States and Defendant agree that, at the United States' discretion, upon issuance of a restitution order to victims with quantifiable losses in this criminal case or the related criminal case of *United States v. Kristine Johnson* (WDNC Case 3:15cr158), the United States may (1) request that this Court dismiss from this forfeiture order specific assets in a quantity sufficient to satisfy the restitution ordered by this Court and (2) request that this Court issue process sufficient to ensure transfer of the dismissed specific assets directly from USSS or TEAOF to victims, to the Clerk of Court to pay victims, or to another appropriate payment processor or entity employed to pay victims. In the event that some, but not all, specific assets are dismissed from this order to pay victims, Defendant agrees and consents to the forfeiture to the United States of any remaining specific assets that are not dismissed.

4.      To the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of this forfeiture. However, the parties agree that the United States may refrain from publishing notice and providing direct written notice of forfeiture until sentencing in this matter and until the United States and the Court have been afforded a reasonable opportunity to assess whether some or all specific assets identified herein may be dismissed from this order and used to pay victims as identified in paragraph 3. This approach to delaying notice of the forfeiture order will ensure the most prompt payment possible. **Specifically, it is the intent of the Government that <u>all victims who have already asserted and submitted documentation that they have losses for purposes of restitution in the related case of *United States v. Kristine Johnson* (WDNC Case 3:15cr158)</u> may be paid by dismissed specific assets and without the need for filing claims or any additional documentation in an ancillary proceeding.** Only after these victims have been paid via specific assets dismissed from this order would the Government publish notice of the forfeiture and provide an opportunity for an ancillary hearing on any remaining specific assets that have not been dismissed from this order.

5.      Once notice of forfeiture is issued, following the publication of notice and issuance of direct notice as identified herein, any person, other than the Defendant, asserting any legal interest in any specific property forfeited herein that has not been dismissed may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

6.      This forfeiture order shall be included in the defendant's sentence.

7.      Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

8.      As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned assets constitute property derived from or traceable to proceeds of the crimes to which Defendant pled guilty and are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C § 853 and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, Defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion deem to legally sufficient, and waives any and all right to further notice of such process or such destruction.

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

_____
BENJAMIN BAIN-CREED
Assistant United States Attorney

_____
TROY BARNES
Defendant

_____
CECILIA OSEGUERA, ESQ.
Attorney for Defendant

Signed this the 25 day of April, 2017.

_____
HON.
UNITED STATES _____ JUDGE